UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS SERGIO VAZQUEZ AVILA, RAMON JORGE CARDOZO, RODOLFO CISNEROS RUIZ, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>- against -<br><br>DEROSA SPORTS CONSTRUCTION INC.; MATHEW DEROSA (individually and in his official capacity), and any other related persons or entities,<br><br>                     Defendants. | **Case No: 21-CV-1014**<br><br>**COMPLAINT** |

Plaintiffs JESUS SERGIO VAZQUEZ AVILA, RAMON JORGE CARDOZO, RODOLFO CISNEROS RUIZ, (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel, Bell Law Group PLLC, as and for their Complaint in this action against Defendants DEROSA SPORTS CONSTRUCTION INC., and individual Defendant Mathew Derosa and/or any related entities (collectively, "Defendants"), hereby allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**NATURE OF THE CLAIMS**

1.  Named Plaintiffs bring this action on behalf of themselves and similarly situated individuals (collectively, "Plaintiffs") to recover for Defendants' numerous violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*

2.  Named Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants as construction workers and/or other

similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of three years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective Period"). Named Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of the Named Plaintiffs and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as drivers and/or in similar positions (referred to herein as "Drivers") who seek to recover for: (1) unpaid overtime which Defendants failed to pay in violation of the NYLL; (2) failure to pay Plaintiffs their proper wages for all hours worked; (4) failure to provide Plaintiffs with an accurate wage notice upon hiring and upon each change of pay as required by the NYLL, Section 195; (5) failure to provide Plaintiffs with an accurate and complete wage statement with each payment as required by the NYLL, Section 195. Named Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "New York Class." The New York Class seeks to recover for the period beginning six years prior to the filing of the Complaint to the date of the final disposition of this action (the "New York Class Period").

4.      Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

5.      Members of the New York Class are similarly situated because, during the New York Class Period, they were all subject to Defendants' common policy and/or practice of not

paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, requiring Plaintiffs to work "off-the-clock", not paying spread of hours pay, not providing accurate wage statements, not providing accurate wage notices, and making unlawful deductions from Plaintiffs' pay that were not for Plaintiffs' benefit and were not authorized by Plaintiffs in writing.

6.     Additionally, members of the New York Class were/are all employed by Defendants as construction workers, or in other non-exempt positions on behalf of Defendants.

## JURISDICTION AND VENUE

7.     Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL and common law.

8.     Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

9.     Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PARTIES

10.     Named Plaintiff Jesus Sergio Vazquez Avila is a resident of the State of New York, Westchester County who has been employed by Defendants as a construction worker from approximately July 2015 through the July 3, 2019.

11.     Named Plaintiff Ramon Jorge Cardozo is a resident of the State of New York, Westchester County who has been employed by Defendants as a construction worker from approximately October 2015 through September 26, 2019.

12.     Named Plaintiff Rodolfo Cisneros Ruiz is a resident of the State of New York, Queens County who has been employed by Defendants as a construction worker from approximately 2014 until September 26, 2019.

13.     At all relevant times, each Named Plaintiff and putative class and/or collective member was an "employee" of Defendants within the meaning of all applicable statutes.

14.     Upon information and belief, Defendant Derosa Sports Construction Inc. is a New York corporation with a principal place of business at 325 Waverly Ave. Mamaroneck, New York 10543.

15.     Upon information and belief, Defendants Derosa Sports Construction, Inc., and any related entities (collectively, "Derosa Construction" or "Corporate Defendants") are joint, integrated, related, and/or predecessor/successor enterprises for purposes of the Labor Law.

16.     During the Relevant Period, Derosa Construction was an "employer" within the meaning of all applicable statutes.

17.     Upon information and belief, Defendant Mathew Derosa is an owner, principal and/or manager of Derosa Construction who exercised substantial control over the operations and policies and practices of Derosa Construction, including, but not limited to, personnel and compensation practices. Defendant Mathew Derosa held himself out as a principal of Derosa Construction on official documents submitted to the State of New York.

18.     Individual Defendants Mathew Derosa was and remains an "employer" within the meaning of all applicable statutes and laws.

## FACTUAL ALLEGATIONS

**Background**

19.     Upon information and belief, DeRosa Sports Construction Inc. is involved in the sports construction field including the development of tennis courts, football fields, baseball diamonds to soccer fields.

20.     Plaintiffs are employed by Defendants as construction workers who build and work on sports related construction in the State of New York in furtherance of Defendants' sports construction business.

21.     Named Plaintiffs and, upon information and belief, putative class and collective members regularly work in excess of 40 hours per week.

**Defendants' Unlawful Practices**

22.     Defendants regularly required Named Plaintiffs and, upon information and belief, putative class and collective members, to work more than 40 hours per week, but failed to pay them the overtime premium for hours worked over 40 per week, in violation of the FLSA and NYLL.

23.     Defendants regularly require Named Plaintiffs and, upon information and belief, putative class and collective members, to work "off-the-clock" without pay. For example, Plaintiffs are required to prepare all tools for the following work day and arrive to work approximately 1 or 2 hours before the commencement of the day and work 1 or 2 hours at the conclusion of the workday, without compensation. Additionally, Defendants automatically deduct 30 minutes per day for lunch regardless of whether Plaintiffs actually take the lunch break, which they are frequently unable to do.

24.     Defendants failed to provide Named Plaintiffs and, upon information and belief, putative class members with complete and accurate weekly wage statements in violation of NYLL § 195(3). Defendants failed to provide Named Plaintiffs and, upon information and belief, putative class members with any paystubs at all. Throughout their employment, Defendants provide the Named Plaintiffs and, upon information and belief, putative class members, with paystubs that do not list the hours they work and contain inaccurate information about their compensation.

25.     Defendants failed to provide Named Plaintiffs and, upon information and belief, putative class members, with the Wage Theft Notice required by NYLL § 195(1) at the required intervals in each employee's primary language.

26.     Upon information and belief, Defendants willfully violate the FLSA and the New York Labor Law with the practices described herein.

**Plaintiffs' Schedules and Compensation**

27.     Plaintiffs' schedules are estimated based on their best recollection, without the benefit of reviewing accurate and contemporaneous time records Defendants were required to maintain.

28.     Plaintiffs' exact start and end times varied from day to day.

*Plaintiff Jorge Ramon Cardozo*

29.     Plaintiff Jorge Ramon Cardozo typically worked five or six days per week for Defendants.

30.     While his hours varied, Plaintiff Jorge Ramon Cardozo typically began work at approximately 6:15 a.m., sometimes earlier, and typically finishes between 5:30 p.m. and 6:00 p.m., though he has worked as late as 7:45 p.m.

6

31.     Plaintiff Jorge Ramon Cardozo regularly worked in excess of 40 hours per week, and estimates that on average, he worked approximately 60 hours per week for Defendants. However, he was not paid the overtime premium of time-and-one-half hours worked over 40 per week.

32.     For example, for the week beginning on September 17, 2018 and ending on September 23, 2018, Plaintiff Jorge Ramon Cardozo worked approximately 63 hours for Defendants' benefit, and was only paid for 55.45 hours, but was not paid time-and-one-half for hours over 40 as required under the FLSA and NYLL.

33.     Defendants regularly shave an average of approximately 2 to 2 1/2 hours per day from Plaintiff Jorge's pay by refusing to pay him for the time he spent loading and unloading machinery, tools and materials from Defendants' in the morning and afterwork.

34.      Defendants shaved time from Plaintiff Jorge Ramon's pay by automatically deducting 30 minutes per day for lunch, and 15 minutes for breakfast, regardless of whether Plaintiff actually took a lunch break.

35.     Plaintiff Jorge was paid a regular hourly rate per hour but was not paid time-and-one-half for all hours worked over 40 per week.

36.     Plaintiff Jorge Ramon received all compensation in cash, without pay stubs.

37.     Plaintiff Ponce did not receive the required Wage Theft Notice upon hire, annually, or when his rate of pay changed, in violation of Labor Law § 195(1).

*Plaintiff Jesus Sergio Vazquez Avila*
38.     Plaintiff Jesus typically worked six days per week for Defendants.

39.     While his hours vary, Plaintiff Jesus typically begins work at approximately 7:00 a.m., sometimes earlier, and typically finishes between 4:30 p.m. Plaintiff Jesus would arrive everyday at 6:15/6:30 am and began working loading the truck and tools needed for the day.

40.     Plaintiff Jesus regularly worked in excess of 40 hours per week, and estimates that on average, he worked approximately 50 to 55 hours per week for Defendants, sometimes more. However, he was not paid the overtime premium of time-and-one-half his regular hourly rate, $18.00 per hour, for all hours worked over 40 per week.

41.     For example, Plaintiff Jesus worked approximately 60 hours during the week beginning on October 29, 2018 and ending on November 4, 2018, and was not paid the overtime premium for all hours worked over 40.

42.     Defendants regularly shave approximately 2 ½ hours per day, sometimes more, from Plaintiff Jesus pay by refusing to pay him for the time he spent loading and unloading the truck with equipment, travelling to each work location.

43.     For example, for the week beginning on October 27, 2018 and ending on November 4, 2018, Plaintiff Jesus worked approximately 60 hours, but Defendants only recorded and paid him for 53.30 hours.

44.     Defendants also shaved time from Plaintiff Jesus's pay by automatically deducting 30 minutes per day for lunch, regardless of whether he actually took a lunch break.

45.     Plaintiff Jesus did not receive paystubs that listed his weekly hours or his compensation, in violation of NYLL § 195(3).

46.     Plaintiff Jesus did not receive the required Wage Theft Notice upon hire, annually, or when his rate of pay changed, in violation of NYLL § 195(1).

*Plaintiff Rodolfo Cisneros Ruiz*

47.     Plaintiff Ruiz typically works five days per week for Defendants (occasionally six), typically beginning around 7:00 a.m. and ending between 5 p.m. and 6 pm, sometimes later.

48.     Plaintiff Ruiz regularly worked more than 40 hours per week for Defendants' benefit and was not paid time-and-one-half his regular hourly rate, $25 per hour regularly, for all hours worked over 40 per week.

49.     Defendants regularly shaved approximately 2- 2 1/2 hours per day, sometimes more, from Plaintiff Ruiz's pay by refusing to pay him for the time he spent loading the truck and packing up materials, travelling to the locations, and at the end of the day travelling back to the site and loading and unloading the truck for the following day.

50.     Defendants also shave time from Plaintiff Ruiz's pay by automatically deducting 30 minutes per day for lunch, regardless of whether he actually takes a lunch break.

51.     Plaintiff Ruiz did not receive paystubs that all of his compensation, in violation of NYLL § 195(3). He was paid in cash.

52.     Plaintiff Ruiz did not receive the required Wage Theft Notice upon hire, annually, or when his rate of pay changed, in violation of NYLL § 195(1).

*Putative Class and Collective Members*

53.     Upon information and belief, members of the New York Class and FLSA collective worked similar hours, were paid in a similar manner, and were subjected to the same or similar unlawful pay practices as the Named Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of the FLSA Collective.

55.     The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiffs, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

56.     The FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay minimum wage at the prevailing rate or overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

57.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

58.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

59.     Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

60.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wages, overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective and pre- and post-judgment interest.

61.     The exact number of members of the FLSA Collective is unknown to Plaintiffs at the present time, but upon information and belief, Defendants are in possession of this information.

62.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA

Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

63.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as drivers and/or in similar positions at any point between March 2013 and the present.

64.     The basic job duties of the New York Class were/are the same as or substantially similar to those of the Named Plaintiffs, and the New York Class were/are paid in substantially the same manner and under the same common policies, plans and practices as the Named Plaintiffs.

65.     Upon information and belief, members of the New York Class, like the Named Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, requiring Plaintiffs to work off-the-clock without pay, not providing accurate wage statements, not providing accurate wage notices, not paying spread of hours wages, and taking unlawful deductions from Plaintiffs' pay.

66.     During the New York Class Period, Defendants were fully aware of the duties performed by Named Plaintiffs and the New York Class, and that those duties were not exempt from the minimum wage, overtime and other applicable provisions of the NYLL and/or its regulations.

67.     As a result of Defendants' conduct alleged herein, Defendants violated the NYLL and/or its regulations.

68.     Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the New York Class.

69.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the New York Class for the full amount of their unpaid wages and wages deducted, plus an additional amount as liquidated damages, plus statutory damages, attorneys' fees and costs incurred by Plaintiffs and the New York Class, and pre- and post-judgment interest.

70.     Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the New York Class. Named Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the New York Class and Defendants.

71.     Plaintiffs' claims raise questions of law and fact common to the New York Class, including, but limited to:

   a.   Whether Defendants failed to pay Plaintiffs and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

   b.   Whether Defendants made unlawful deductions from Plaintiffs' and the New York Class members' wages by failing to pay them their regular hourly rate for all hours worked;

  c. Whether Defendants failed to pay Plaintiffs and the New York Class spread-of-hours wages;

  d. Whether Defendants failed to provide Plaintiffs and the New York Class with accurate wage statements;

  e. Whether Defendants failed to provide Plaintiffs and the New York Class with accurate wage notices;

  f. Whether Defendants made unlawful deductions from Plaintiffs' and the New York Class members' wages;

  g. Whether Defendants' failures described above constitute violations of the NYLL and its regulations;

  h. Whether Defendants' violations of the NYLL and/or its regulations were willful.

72. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

73. Named Plaintiffs are members of the New York Class that they seek to represent. Named Plaintiffs' claims are typical of the claims of the New York Class. The relief Named Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

74. Named Plaintiffs' interests are co-extensive with those of the New York Class that they seek to represent in this case. Named Plaintiffs are willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action.

75. Named Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Named Plaintiffs and their counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

76.     Defendants have acted or refused to act on grounds generally applicable to the
New York Class, making final injunctive and declaratory relief appropriate with respect to the
New York Class as a whole.

77.     Injunctive and declaratory relief are the predominant relief sought in this case
because they are the culmination of the proof of Defendants' individual and class-wide liability
and the essential predicate for Plaintiffs' and the New York Class members' entitlement to
monetary and non-monetary remedies to be determined at a later stage of the proceedings.

78.     The common issues of fact and law affecting Plaintiffs' claims and those of the
New York Class members, including the common issues identified above, predominate over any
issues affecting only individual claims.

79.     A class action is superior to other available means for the fair and efficient
adjudication of Named Plaintiffs' claims and the claims of the New York Class.  There will be
no difficulty in the management of this action as a class action.

80.     The cost of proving Defendants' violations of the NYLL and the supporting New
York State Department of Labor regulations makes it impracticable for Named Plaintiffs and the
New York Class to pursue their claims individually. Maintenance of a class action promotes
judicial economy by consolidating a large class of plaintiffs litigating identical claims. The
claims of the New York Class interrelate such that the interests of the members will be fairly and
adequately protected in their absence.  Additionally, the questions of law and fact common to the
New York Class arise from the same course of events and each class member makes similar legal
and factual arguments to prove the Defendants' liability.

81.     The New York Class is so numerous that joinder of all members is impracticable.
While the exact number of members of the New York Class is unknown to Plaintiffs at the

present time, upon information and belief, there are at least 18 similarly situated persons, the

minimum number contemplated by the New York legislature for a class action, who were/are

employed by Defendants as drivers and/or in other similar positions during the New York Class

Period.

82.     Plaintiffs are currently unaware of the identities of all New York Class members.

Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons

employed by Defendants in similar positions during the New York Class Period, along with their

last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the New

York Class notice of this action and an opportunity to make an informed decision about whether

or not to participate in it.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**
*On Behalf of Plaintiffs and the FLSA Collective*

83.     Named Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat

and re-allege each and every allegation as contained in each of the preceding paragraphs as if

fully set forth and contained herein.

84.     The FLSA requires covered employers, such as Defendants, to pay all non-

exempt employees at a rate not less than one and one-half times their regular rate of pay for all

hours worked in excess of forty (40) hours per workweek. Named Plaintiffs and the FLSA

Collective were not exempt from the requirement that Defendants pay them overtime under the

FLSA.

85.     During the FLSA Collective Period, Defendants knew that Named Plaintiffs and

the FLSA Collective worked more than forty (40) hours per workweek for Defendants.

However, Defendants intentionally did not properly pay them overtime for all hours worked in excess of forty (40) per workweek.

86.     As a result of Defendants' failure to pay Named Plaintiffs and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

87.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

88.     Defendants' violations of the FLSA have significantly damaged Named Plaintiffs and, upon information and belief, the FLSA Collective, and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of the New York Labor Law and its Implementing Regulations)**
*As to Named Plaintiffs and the New York Class*

89.     Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

90.     NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

91.     Defendants knew that Plaintiffs and, upon information and belief, members of the New York Class, worked more than forty (40) hours per workweek for Defendants.  However, Defendants did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

92.     As a result of Defendants' failure to pay Named Plaintiffs and, upon information and belief, members of the New York class, overtime at a rate of one and one-half times their

16

regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its implementing regulations.

93.     Upon information and belief, Defendants' failure to pay overtime was either intentional or in reckless disregard of their obligations under the NYLL.

94.     Defendants' failure to pay overtime was a willful violation of the NYLL.

95.     Defendants' violations of the NYLL overtime requirements have significantly damaged Named Plaintiffs and, upon information and belief, members of the New York Class, who are entitled to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest, injunctive relief correcting Defendants' unlawful pay practices, and any other such relief this Court deems appropriate.

### THIRD CAUSE OF ACTION
**(NYLL Failure to Pay Wages)**
***As to Named Plaintiffs and the New York Class***

96.     Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

97.     Pursuant to Article Six of the Labor Law, workers such as the Named Plaintiffs are protected from wage underpayments and improper employment practices.

98.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

99.     As a person employed for hire by Defendants, the Named Plaintiffs and New York Class members are "employees," as understood in Labor Law § 190.

100.    Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

101.    As the entity that hired, directed, and controlled the job performance of the Named Plaintiffs and New York Class members, Defendants are "employers."

102.    The Plaintiffs' agreed upon wage rate, ranging from approximately $18 to $28 per hour for the Named Plaintiffs as their regular rate of pay, was within the meaning of Labor Law §§ 190, 191, and 652.

103.    Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiffs and New York Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

104.    During Plaintiffs' employment with Defendants during the New York Class Period, Defendants regularly required the Named Plaintiffs and, upon information and belief, members of the New York Class, to work "off the clock" from approximately 7:00 a.m. to 7:45 a.m., during which time they were required to load and unload trucks, pack materials, travel to sites, etc.

105.    Defendants also had a policy and practice of automatically deducting a 30-minute lunch break per day for the Named Plaintiffs and, upon information and belief, members of the New York Class, regardless of whether employees actually took the break. The Named Plaintiffs and, upon information and belief, members of the New York Class did not always take the 30-minute break and instead worked through most of the 30 minutes. Defendants made no effort to ascertain whether the break was actually taken, and refused to pay employees for this 30-minute period even when they had actual notice that an employee worked through the break.

106.     In failing to pay the Plaintiffs their regular hourly rate for all hours worked, Defendants violated Labor Law § 191.

107.     Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiffs, that is not otherwise authorized by law or by the employee.

108.     By withholding wages from the Plaintiffs pursuant to Labor Law § 193 and the cases interpreting same and failing to pay them at their regular hourly rate for all hours worked, Defendants made unlawful deductions.

109.     By the foregoing reasons, pursuant to Labor Law § 198, Defendants are liable to the Named Plaintiffs and members of the New York Class in an amount to be determined at trial, plus interest, liquidated damages, injunctive relief, attorneys' fees and costs, as well as any such other relief as this Court may deem appropriate.

### <u>FOURTH CAUSE OF ACTION</u>
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(1)-(2))**
***As to Named Plaintiffs and the New York Class***

110.     Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

111.     NYLL § 195(1)-(2) requires covered employers, such as Defendants, to furnish accurate wage notices upon hiring and prior to any changes to the rate of pay for an employee.

112.     Plaintiffs and the New York Class were not exempt from this requirement.

113.     Defendants failed to furnish accurate wage notices to Plaintiffs and the New York Class in violation of NYLL § 195(1)-(2) by, inter alia, failing to provide Plaintiffs and the New York Class notices of their wages and/or changes thereto upon hire and/or upon any changes to their wages.

114.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

115.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the New York Class and entitle them to recover damages of fifty (50) dollars per person affected for each work day that such violations occurred and continue to occur, up to a total of $5,000 per person affected, together with attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(3))**
*As to Named Plaintiffs and the New York Class*

116.    Named Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

117.    NYLL § 195(3) requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

118.    Named Plaintiffs and the New York Class were not exempt from this requirement.

119.    Defendants failed to furnish accurate wage statements to Plaintiffs and the New York Class in violation of NYLL § 195(3) by, inter alia, failing to provide Plaintiffs and the New York Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

120.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

121.    Defendants' violations of the NYLL have significantly damaged Named Plaintiffs and the New York Class and entitle them to recover damages of $250 for each day that such violations occurred or continue to occur, up to a total of $5,000 per person affected, an additional

equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective and the New York Class, respectfully request that this Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Enjoin Defendants from continuing the unlawful practices identified herein;

C.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all persons who were/are employed by Defendants in similar positions to Plaintiffs during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.      Designate Named Plaintiffs as representatives of the FLSA Collective;

E.      Designate this action as a class action pursuant to F.R.C.P. 23;

F.      Designate Plaintiffs as representatives of the New York Class and designate Plaintiffs' Counsel as Class Counsel;

G.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

H.      Determine the damages sustained by Plaintiffs and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in

favor of Plaintiffs and the New York Class, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

I.      Enjoin Defendants from engaging in any acts of illegal retaliation;

J.      Enjoin Defendants from continuing their unlawful practices; and

K.      Grant Plaintiff and the FLSA Collective and New York Class such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs, on behalf of themselves, the FLSA Collective and the New York Class, hereby demand a trial by jury on all issues of fact and damages.

Dated: February 4, 2021
        Garden City, New York

Respectfully submitted,

BELL LAW GROUP, PLLC

By: _____/s/_____
        Andrea E. Batres, Esq.
        100 Quentin Roosevelt Boulevard
        Suite 208
        Garden City, NY 11530
        Tel: 516.280.3008
        Fax: 212.656.1845
        ab@belllg.com
        *Attorneys for Plaintiffs*