

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

September 23, 2022

<u>Via ECF</u>
Magistrate Judge James L. Cott
United States District Court Southern District of New York
40 Foley Square
New York, NY 10007

   **Re:**  <u>Vazquez Avila, et al. v. DeRosa Sports Construction, Inc.</u>
       <u>Case No.: 21-CV-01014-RA</u>

Dear Judge Cott:

  We represent the Plaintiffs in the above-referenced matter. This letter is jointly submitted pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2nd Cir. 2015). In accordance therewith, attached is the parties negotiated Settlement Agreement (***Exhibit "A"***).

##       I.  Introduction

  This is an action arising under the FLSA and New York Labor Law ("NYLL") in which Plaintiffs have alleged claims for overtime wages, unpaid wages, wage payment statements and pay rate notice violations in connection with Plaintiffs' employment with Defendant DeRosa Sports Construction, Inc. ("DSC"). Following arm's-length mediation between experienced counsel and an experienced mediator, the Parties agreed, subject to Court approval, to resolve this wage and hour lawsuit and avoid the risk, expense and burden of continued litigation. For the reasons set forth more fully herein, the settlement satisfies the criteria for approval under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") because it resolves a bona fide dispute, and is fair, reasonable, and adequate.

  The parties' proposed settlement will provide Plaintiffs with the following amounts, of which one-third will be attorneys' fees and costs:

1. Plaintiff Cisneros will receive a total of $120,000, inclusive of attorneys' fees and costs. Of this amount, $39,600.00 will be paid to Plaintiffs' counsel as attorneys' fees and costs, and $80,400 will be paid to Plaintiff Cisneros.

2. Plaintiff Vasquez will receive a total of $120,000, inclusive of attorneys' fees and costs. Of this amount, $39,600 will be paid to Plaintiffs' counsel as attorneys' fees and costs, and $80,400 will be paid to Plaintiff Vasquez.
3. Plaintiff Cardozo will receive a total of $90,000, inclusive of attorneys' fees and costs. Of this amount, $29,700 will be paid to Plaintiffs' counsel as attorneys' fees and costs, and $60,300 will be paid to Plaintiff Cardozo.

The settlement will be paid out in 24 equal installments over 24 months, and each settlement installment will be divided *pro rata* between Plaintiffs and their counsel.

## II.     Bona Fides of the Dispute

*A. Plaintiffs' Allegations*

The following is a summary of Plaintiffs' allegations. Plaintiffs worked for Defendant DSC as construction workers at various points between 2015 and 2019. Plaintiffs alleged that they worked approximately 2-2.5 hours of "off-the-clock" work per day, 5-6 days per week. Since Plaintiffs regularly worked more than 40 hours per week, most of the uncompensated hours were overtime hours, for which they are owed time-and-one-half their regular hourly rate. Additionally, Plaintiffs allege that some of their overtime hours that were paid were paid at their regular hourly rate with no overtime premium, as well as statutory violations of Labor Law 195(1) and 195(3).

*B. Defendants' Defenses*

Defendants strongly dispute the number of off-the-clock hours Plaintiffs claim to have worked, as well as whether the tasks Plaintiffs were performing during that time were compensable. Defendants also claimed that they paid overtime at a daily rate, rather than a weekly rate, and were entitled to an offset for any overpayment resulting from their use of a daily overtime calculation.

## III.     Overview of Settlement Agreement

Given these factual and legal issues, the dispute as to Plaintiffs' hours and the compensability of the off-the-clock work for which they are claiming compensation, financial considerations, and to avoid the risk and uncertainty of continued litigation and increasing expenses, the Parties agreed to resolve this matter for $330,000.00 during a mediation with an experienced mediator. The Parties assert that the settlement is fair and reasonable under the circumstances. Plaintiffs' maximum recovery at trial, should they prevail on all issues and be accorded the maximum number of hours alleged, as well as liquidated damages, interest, and statutory penalties, is estimated to be approximately $600,000, exclusive of attorneys' fees and costs. Thus, a settlement of $330,000 at this early stage of litigation is an excellent result.

Moreover, each Plaintiff's settlement allocation *after attorneys' fees* accounts for **over 100%** of their actual unpaid overtime, as illustrated below:

| Plaintiff | Net Settlement Amount* | Actual Unpaid OT | Total Maximum Potential Recovery |
|---|---|---|---|
| **Vasquez** | $80,000 | $76,302 | $230,382.90 |
| **Cisneros** | $80,000 | $75,637.50 | $229,135.14 |
| **Cardozo** | $60,000 | $44,005 | $137,099.56 |

\* Net allocation to each Plaintiff after attorneys' fees and costs are deducted.

Additionally, the proposed Settlement Agreement is limited in scope to wage-and-hour claims and does not contain a general release of other claims Plaintiffs may have against Defendants. Moreover, the Agreement contains no confidentiality clause. *See, e.g., Parmar v. Fulton Family Pharmacy Inc.*, 2022 U.S. Dist. LEXIS 135395, at *5 (S.D.N.Y. July 29, 2022) (approving FLSA settlement where, as here, release was limited to state and federal wage and hour claims and the settlement agreement contained "no objectionable releases or non-disparagement or confidentiality provisions.").

## IV.   Legal Principles

Pursuant to the Second Circuit's holding in Cheeks v. Freeport Pancake House, Inc., "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d 199, 206 (2nd Cir. 2015). In order to obtain such approval, the parties must satisfy the Court that their agreement is "fair and reasonable." Velasquez v. Safi-G, Inc., 137 F.Supp.3d 582, 584 (S.D.N.Y 2015).

When evaluating the fairness of a settlement, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Factors considered in determining the fairness of the settlement include without limitation the following: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Plaintiffs are represented by experienced counsel and the settlement amount constitutes a substantial portion of what Plaintiffs may be entitled to should they prevail at trial. Likewise, Defendants are represented by experienced counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding the settlement reasonable. The Parties have thoroughly investigated this matter and have gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions.  *See,*

*e.g.*, Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal citations and quotations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (internal citations omitted). Settling this matter now will avoid incurring the additional costs of litigation on both sides.

### V.     Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with Plaintiffs, Plaintiffs' counsel will receive a total of $108,900 as attorneys' fees, which represents 33% of the total settlement. While Plaintiffs incurred additional reasonable expenses, including filing and service fees, Plaintiffs' counsel has chosen to include those costs in the 33% fee instead of seeking reimbursement for these expenses on top of the 33%.

The Parties agree that the settlement amount is a reasonable compromise of all Parties' positions and the proposed settlement regarding attorney fees is also fair and reasonable, as Plaintiffs' counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiffs. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v. Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual")(internal citation and quotation omitted); *see also* Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

The 33% fee provided to Plaintiffs' counsel under the settlement is well within the range of fees typically awarded in cases in this Circuit. *E.g.* Flaherty v. Landnew Corp., 15 Civ. 05719 (RJD) (VMS) (E.D.N.Y. August 8, 2016) (approving 35% contingency fee in FLSA case); Amaro v. Barbuto, LLC, No. 16-CV-1581 (AJN), 2017 U.S. Dist. LEXIS 15425 (S.D.N.Y. Feb. 2, 2017) (approving 39% fee for individual FLSA settlement). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010); Gomez v. Midwood Lumber & Millwork, Inc., No. 17-CV-3064(KAM)(JO), 2018 U.S. Dist. LEXIS 101019, at *10 (E.D.N.Y. June 17, 2018) ("in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action, though courts must nevertheless carefully scrutinize the settlement, including to ensure that counsel's pecuniary interest 'did not adversely affect the extent of relief counsel procured for the client[].'"). Additionally, Plaintiffs have already agreed to the fee provided for in the settlement. *See* Ex. A.

Additionally, the attorneys' fees in this case, while calculated as a percentage of the total settlement, represent a multiplier of approximately 3 times the amount Plaintiffs' counsel would have been entitled to using a lodestar calculation, which is well within the range of multipliers typically approved in this District. *See* **Exhibit B** for contemporaneous records of Plaintiffs' counsel's time expended on this case; *see also* Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar"); *Colon v. Morgan Grp. LLC*, No. 21-CV-8699 (VSB), 2022 U.S. Dist. LEXIS 93332, at *4-5 (S.D.N.Y. May 24, 2022) ("[c]ourts regularly award lodestar multipliers from two to six times lodestar."); Francisco v. Han-Bae Corp., No. 21-CV-5165 (VSB), 2022 U.S. Dist. LEXIS 133715, at *7 (S.D.N.Y. July 27, 2022) (*collecting cases*). Courts in this District have repeatedly held that the percentage of the fund method of calculating attorneys' fees is more appropriate than the lodestar where, as here, the case was settled relatively early. *See, e.g.,* Hyun v. Ippudo USA Holdings, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, at *7 (S.D.N.Y. Mar. 24, 2016) ("In this case, where the parties were able to settle relatively early and before any depositions occurred, the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate.") (*quoting* McDaniel, 595 F.3d at 418).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York state and federal courts in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result quickly under the circumstances. A brief biography of the attorneys who performed substantial work in this matter is as follows:

> Andrea Batres is a partner at Bell Law Group. She graduated from Hofstra Law School in 2010, and is admitted to practice in New York State as well as the U.S. District Court for the Eastern District of New York. Ms. Batres represents private as well as federal and public sector employees in all areas of employment discrimination, harassment, disability, contracts and other employment-related matters. Ms. Batres has extensive knowledge and experience in wage and hour litigation, prevailing wage cases and class action matters. Ms. Batres is seeking compensation at a rate of $500 per hour, which is comparable to rates charged to paying clients in FLSA and NYLL cases.

> Laura Reznick is a senior associate with the law firm of Bell Law Group, PLLC. She graduated *cum laude* from NYU School of Law in 2013 and is admitted to practice law in New York and California. Throughout Ms. Reznick's career, she has worked primarily on plaintiff-side employment litigation, with a focus on wage and hour issues. She has handled numerous individual and class action wage and hour disputes, the majority of which have resulted in settlement. Ms. Reznick bills at a rate of $350 per hour, which is comparable to rates charged to paying clients in FLSA and NYLL cases, and to rates for which she has been approved in this District in the settlement context. *See, e.g.,* Lebron v. Lower E. Side People's Mut. Hous. Ass'n, No. 17-CV-3953 (JPO), 2018 U.S. Dist. LEXIS 215198 (S.D.N.Y. Dec. 20, 2018) (approving hourly rate of $335 per hour for Ms. Reznick in FLSA settlement context).

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

### VI. Conclusion

As demonstrated above, the settlement is a result of negotiations and compromise by all Parties. The Parties believe the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the attached Settlement Agreement.

Respectfully submitted,
BELL LAW GROUP, PLLC

/s/ *Andrea Batres*
Andrea Batres, Esq.