```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/26/2022__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESUS SERGIO VAZQUEZ AVILA,                :
RAMON JORGE CARDOZO, and                   :
RODOLFO CISNEROS RUIZ,                     :
                Plaintiffs,       :
                                      :   **ORDER**
        -v-                                :
                                      :   21-CV-1014 (JLC)
                                      :
DEROSA SPORTS CONSTRUCTION INC,            :
and MATHEW DEROSA,                         :
                                      :
                Defendants.       :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 33), and they have submitted a motion for settlement (Dkt. No. 45) and a fully executed settlement agreement (Dkt. No. 45-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' apparent financial situation as a result of the COVID-19 pandemic (requiring a lengthy payment schedule), the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at

*10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the proposed settlement agreement, and given that a court-appointed mediator assisted the parties to resolve this case, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]

Accordingly, the proposed settlement is hereby approved.[2]

---

[1] The Court's approval of the allocation of attorneys' fees should not be construed as an approval of the hourly rate of plaintiffs' counsel. Nor should approval of the settlement agreement be deemed an approval of the tax allocations to which the parties have agreed in paragraph 10.

[2] While acceptable to the Court, the parties' limited non-disparagement provision in paragraph 23 of the settlement agreement is awkwardly written, and probably would have been better expressed in two sentences to avoid any confusion (e.g., "Both Plaintiffs and Defendants agree that they shall not make any negative, or disparaging, statements about each other. They also agree that they may make any truthful statements about their experience litigating their case."). Because the provision as written allows for the making of truthful statements, it is consistent with the case law in this District regarding non-disparagement clauses. *See, e.g., Payano v. 1652 Popham Assocs., LLC*, No. 17-CV-9983 (HBP), 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) (collecting cases).

The Clerk is respectfully directed to mark Docket No. 45 as "granted" and to close this case.

**SO ORDERED.**

Dated: September 26, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge